NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISTIN MARIE ANDERSON,<br><br>       Plaintiff - Appellant,<br><br>v.<br><br>LELAND DUDEK, Acting Commissioner<br>of Social Security,<br><br>       Defendant - Appellee. | No. 24-1266<br><br>D.C. No.<br>3:23-cv-00064-JMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, District Judge, Presiding

Submitted March 28, 2025[**]
Seattle, Washington

Before: McKEOWN, GOULD, and OWENS, Circuit Judges.

Kristin Marie Anderson appeals the district court's decision affirming the

Commissioner of Social Security's denial of her application for disability benefits.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. When there is no evidence of malingering, the Administrative Law Judge ("ALJ") must provide "specific, clear, and convincing reasons" for rejecting the claimant's subjective symptoms testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017). This standard requires ALJs "to show [their] work," but "[t]he standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

2. Here, the ALJ discounted Anderson's testimony concerning the intensity, persistence, and limiting effects of her headache symptoms because Anderson's testimony was inconsistent with the record. Although the ALJ acknowledged that Anderson "continue[d] to report [a] temporary increase of symptoms, including headaches" after November 2017, the ALJ concluded that subsequent medical records showed improvement of Anderson's headache symptoms due to physical therapy and massage therapy. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."). The ALJ cited medical records from November 2017 to September 2018 where Anderson reported a slow improvement of symptoms and a tolerance for increased activities including running and working 15 to 20 hours per week. The report from January 2018 noted that Anderson's headaches were "not as severe." The ALJ similarly

24-1266

cited Anderson's report in August 2018 that "she continued to be better" and "continued to cut back on her medications." And the ALJ cited Anderson's report in September 2018 that she was "using only Tylenol" and "trying to do some jogging downhill."

Anderson running and working 15 to 20 hours per week was inconsistent with her testimony that her headache symptoms were so bad that she was "in bed for about half of every week." *See Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (holding the ALJ must "explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony" (emphasis in original)). And Anderson working up to 20 hours per week was inconsistent with her testimony that her headaches rose to a migraine level, which rendered her incapable of working, three times or more per week. *See id.* By citing these specific facts, the ALJ demonstrated that Anderson was in less pain than she claimed and properly rejected the severity of her headache testimony. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ also cited medical evidence during the same period that was inconsistent with Anderson's symptom complaints. The ALJ cited Anderson's examining physician's recommendation in March 2018 that Anderson return to "regular exercise" and return to work to alleviate her chronic pain due to the "absence of any neurological injury or significant problems with [her] cervical

fusion." And the ALJ cited the October 2018 summary of progress from Anderson's physical therapist, which noted that Anderson demonstrated "decreased headaches, improved posture, improved range of motion, increased activity tolerance, and increased strength." Because the medical evidence showed relief of Anderson's headaches, the ALJ provided "specific, clear, and convincing reasons," *see Trevizo*, 871 F.3d at 679, to conclude that Anderson's "subjective complaints were disproportionate to and not explained by objective findings." *See Wellington*, 878 F.3d at 876.

3. The ALJ similarly concluded that Anderson's daily activities suggested less limitation than Anderson alleged. The ALJ cited Anderson's boyfriend's report that Anderson "worked on some part-time contracts," "walked her dog almost daily," and engaged in household chores like laundry and vacuuming. The ALJ cited Anderson's report in November 2017 that she was able to walk more and complete short "calm" hiking without severe exacerbations. These daily activities were inconsistent with Anderson's testimony that her headache symptoms were so bad that she could not do much apart from lifting a coffee cup with both hands. *See Ferguson*, 95 F.4th at 1200. By citing these facts, the ALJ properly discredited Anderson's testimony because her daily activities "contradict[ed] claims of a totally debilitating impairment." *See Smartt*, 53 F.4th at 499.

4.      Anderson contends that the evidence relied on by the ALJ only related to her neck pain, not her headache symptoms.  But because Anderson explained that her headaches are caused by neck pain, it made sense for the ALJ to consider improvement of her neck pain because Anderson's neck pain produced her headaches.  For that reason, the ALJ properly discounted the intensity and persistence of Anderson's headache symptoms testimony because the medical evidence showed successful relief of Anderson's neck pain and symptoms.  *See Wellington*, 878 F.3d at 876.

5.      Because "the ALJ's rationale is clear enough that it has the power to convince," *Smartt*, 53 F.4th at 499, the ALJ's citation of Anderson's daily activities and medical records showing improvement of Anderson's headaches provided sufficiently specific, clear, and convincing reasons for discounting her subjective testimony regarding her headaches, *see Trevizo*, 871 F.3d at 679.  We hold that the ALJ committed no error in discounting Anderson's subjective symptoms testimony.

**AFFIRMED.**